56 So.3d 821 (2011)
J.E.R., Appellant,
v.
STATE of Florida, Appellee.
No. 2D09-3742.
District Court of Appeal of Florida, Second District.
January 28, 2011.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Fifteen-year-old J.E.R. was hiding in a friend's bedroom when he should have been in school. The friend's father found him upon returning from taking his son to school. The father had left the home vacant and unlocked. The father removed J.E.R. from the home and returned him to the area near the school that J.E.R. told him he attended. The father then discovered that several valuable items were missing from the home. One of these items was found in J.E.R.'s possession later that day.
*822 Based on these events, the State filed a petition alleging delinquency against J.E.R. for burglary of a dwelling and grand theft. The court acquitted him of the burglary charge, adjudicated him delinquent for the grand theft, adjudicated him, and imposed substantial restitution for the items that were never recovered. He appeals, raising two issues: first, that there was insufficient evidence to support the grand theft and, second, that he was denied allowable credit for time served in secure detention.
We find no merit in his first issue and affirm the adjudication of delinquency without further discussion. The State properly concedes error on the second issue.[1] We therefore remand for correction of the amount of time served to reflect credit for time served in secure detention. See A.M. v. State, 958 So.2d 461 (Fla. 2d DCA 2007).
Affirmed but remanded for correction of the amount of time served. Appellant need not be present for this correction.
CASANUEVA, C.J., and KELLY and BLACK, JJ., Concur.
NOTES
[1] The court committed J.E.R. to the Department of Juvenile Justice for the third-degree felony of grand theft until his twenty-first birthday or the maximum allowed by law. J.E.R. notes, and we agree, that this language is ambiguous given his young age at disposition. See L.W.G. v. State, 785 So.2d 696, 696 (Fla. 4th DCA 2001) ("[L]anguage committing a juvenile for an indeterminate period of time no longer than a specific birthday or the maximum term of imprisonment is error because such language could allow the sentence to be construed as running longer than the statutory maximum provided for the particular offense."). We trust that on remand any correction the court makes to the disposition order will take this issue into account also.